IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GILBERTO GONZALEZ,<br>Movant, | :: | CIVIL ACTION NO.<br>1:11-CV-2664-WSD-LTW |
| v. | :: | CRIMINAL ACTION NO.<br>1:06-CR-351-WSD-LTW-8 |
| UNITED STATES OF AMERICA,<br>Respondent. | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 4 day of November, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GILBERTO GONZALEZ,<br>   Movant, | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:11-CV-2664-WSD-LTW |
| v. | :: <br> :: | CRIMINAL ACTION NO.<br>1:06-CR-351-WSD-LTW-8 |
| UNITED STATES OF AMERICA,<br>   Respondent. | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, pro se, challenges under 28 U.S.C. § 2255 his conviction in this Court for drug trafficking. (Doc. 588.)[1] Respondent opposes the motion. (Doc. 590). For the reasons discussed below, the undersigned recommends that Movant's motion be dismissed as untimely and that Movant be denied a certificate of appealability.

## I. Background

In December 2008, a jury in this Court convicted Movant of conspiracy to possess with intent to distribute cocaine and methamphetamine. (Doc. 454.) On March 31, 2009, the Court sentenced Movant to 270 months' imprisonment, among other things. (Docs. 471, 472.) Movant filed a timely notice of appeal. (Doc. 484.) On May 18, 2009, new counsel Mary Erickson was appointed to represent Movant on appeal. (Doc. 509.)

On July 21, 2009, Erickson filed with the appellate court a brief and a motion to

---

[1] All citations to the record in this Report and Recommendation are to criminal action number 1:06-cr-351-WSD-LTW.

withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967). Br., *United States v. Gonzalez*, 363 F. App'x 719 (11th Cir. 2010) (No. 09-11709). On February 1, 2010, the appellate court granted Erickson's *Anders'* motion and affirmed Movant's conviction and sentence. *Gonzalez*, 363 F. App'x at 719. Movant did not file a petition for a writ of certiorari in the U.S. Supreme Court. (Doc. 588 at 2.) On August 4, 2011, Movant filed his § 2255 motion in this case. (*Id.* at 7.)

Movant states that after he received a copy of Erickson's *Anders'* brief, he wrote her and asked her to file a motion with the Eleventh Circuit requesting that he be allowed to file a pro se supplemental brief. (*Id.* at 6.) Movant "never heard from [Erickson] again" after that time. (*Id.*) Movant asked inmates at the prison law library how long appeals usually take, and most of those inmates told him two to three years. (*Id.*) Based on that information and the lack of response from Erickson, Movant decided to wait until the end of 2011 for a final decision on his appeal because he "thought it reasonable" to do so. (*Id.*)

In July 2011, Movant asked "a law firm" to check on the status of his appeal after an inmate told him that appellate decisions are rendered more quickly in cases like his where *Anders* briefs are filed. (*Id.*) Movant was "shocked" to learn from the law firm that the Eleventh Circuit had decided his appeal over a year earlier. (*Id.*) Movant contends he did not receive "actual notice" of the Eleventh Circuit's decision "due to incorrect address or institution [sic] mail non-delivery problems." (*Id.*)

Respondent contends that Movant's § 2255 motion is untimely. (Doc. 590).

Movant does not dispute that he filed the motion beyond the one-year statute of limitations, but contends that the limitations period should be tolled because of his late discovery of the Eleventh Circuit's decision. (Doc. 588 at 6.)

## II. Relevant Legal Standards

A one-year statute of limitations applies to a federal prisoner's motion for relief under § 2255. 28 U.S.C. § 2255(f). The limitations period runs from the date on which the judgment of conviction becomes final unless unlawful government action impeded the filing of the § 2255 motion, the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, or the movant discovered facts supporting the claim that could not have been discovered earlier with due diligence. *Id.*

A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). If a federal defendant does not seek a writ of certiorari in the Supreme Court, "'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'" *Id.* (quoting *Clay v. United States*, 537 U.S. 522 (2003)). A petition for a writ of certiorari must be filed in the Supreme Court within ninety days of the appellate court's entry of judgment – and not its later issuance of the mandate – on appeal. *Id.* at 1285 ("[T]he date of the issuance of the mandate is irrelevant for determining when a certiorari petition can be filed, and, therefore, irrelevant for

determining finality under § 2255"); *see* Sup. Ct. R. 13(3).

A federal court can consider the merits of an untimely § 2255 motion only if the movant establishes that he is actually innocent or that the limitations period should be equitably tolled. *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011). To establish actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). "The actual innocence exception is exceedingly narrow in scope, and the [movant] must demonstrate that he is factually innocent rather than legally innocent." *San Martin*, 633 F.3d at 1268 (quotation marks omitted).

The limitations period may be equitably tolled only if the movant demonstrates that his delay in filing his § 2255 motion resulted from extraordinary circumstances outside his control and that he exercised reasonable diligence in pursuing his rights. *See Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the [movant]." *San Martin*, 633 F.3d at 1268.

### III. Analysis

The one-year limitations period for filing a § 2255 motion in this case began on the date Movant's conviction became final. Movant does not contend otherwise.

Movant's conviction became final ninety days after the Eleventh Circuit issued its decision affirming Movant's conviction and sentence because Movant did not seek a writ of certiorari from the Supreme Court. The Eleventh Circuit entered its judgment on February 1, 2010, so the ninety-day period to seek certiorari expired on May 3, 2010. The limitations period began on that date and ended on May 3, 2011, one year later.[2] Movant's 2255 motion is therefore untimely because he did not file it until August 4, 2011.

Movant does not contend that he is actually innocent, as a factual matter, of the crime for which he was convicted, but argues that he is entitled to equitable tolling because he did not receive notice of the Eleventh Circuit's decision on appeal before the statute of limitations expired. Accepting as true all of Movant's allegations, he has not met his burden of showing that equitable tolling applies in this case.[3]

"A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the [inmate] has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

[3] Accordingly, Movant is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2255(b); *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011) ("[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing.").

filing a timely [§ 2255 motion]." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002). In *Drew*, a prisoner claimed that a federal district court failed to send him an order dismissing without prejudice his first habeas petition and, because he did not learn of the order until almost a year after it issued, he was late in filing a subsequent habeas petition. *Id.* at 1281-82. The Eleventh Circuit rejected the prisoner's claim that the one-year limitations period should be equitably tolled because he did not exercise diligence while his first federal case was pending. *Id.* at 1286-89. The court noted that "for a period of some sixteen months, [the prisoner] made virtually no effort to ascertain the status of his first habeas petition in the district court" other than sending two letters to the court and a letter to the government's counsel. *Id.* at 1287-88.

The same finding applies here because the facts Movant has described, accepting them all as true, fall short of demonstrating that he was reasonably diligent in learning the status of his appeal in the Eleventh Circuit. Movant knew in 2009 that Erickson had filed an *Anders* brief and motion to withdraw because he received a copy of the filing and wrote Erickson in response. Despite knowing that Erickson had moved to withdraw as his counsel and not hearing back from her, Movant decided, based on information he received from other inmates about the general time in which appeals are decided, that he would do nothing other than wait until the end of 2011 for a decision from the Eleventh Circuit. Movant does not allege that he contacted – or attempted to contact – the appellate court, the government's counsel, or anyone else to check on the status of his appeal until July 2011, when he contacted a "law firm" and, upon doing so, promptly

6

learned that his appeal had been decided over a year earlier. Movant identifies no reason why he could not have contacted the "law firm," the Eleventh Circuit, or others regarding his appeal at any time between the time he filed the appeal in April 2009 and when he finally decided to check on it over two years later.

In short, Petitioner's allegations support only one finding – that he did not exercise reasonable diligence. "In the absence of any showing of his own diligence, [Movant] cannot be entitled to the rare and extraordinary remedy of equitable tolling." *See Drew*, 297 F.3d at 1289.

In similar circumstances, other federal courts in this circuit have found that prisoners failed to exercise reasonable diligence in learning the status of their appeals and, thus, were not entitled to equitable tolling of the one-year limitations period. *See Martinez v. Buss*, No. 3:08cv562/RV/MD, 2011 WL 4832537, at *6 (N.D. Fla. May 5, 2011) (finding that although prisoner asked family members to check on appeal and "was disadvantaged by his attorney's, and possibly the court's, failure to notify him of the status of his appeal, he waited far too long to take any meaningful initiative" and check on the appeal himself); *Forward v. McNeil*, No. 5:07cv245-SPM/EMT, 2008 WL 5070040, at *1, *5 (N.D. Fla. Nov. 24, 2008) ("[F]ar from depicting diligent efforts to learn about the case, Petitioner allowed over two (2) years to elapse between the filing of her notice of appeal . . . and the filing of her § 2254 petition in this court without ever contacting the [appellate court] to inquire as to the status of her appeal."); *Bowers v. Crosby*, No. 802CV2377T30EAJ, 2005 WL 3445525, at *4 (M.D. Fla. Dec. 14, 2005)

(rejecting equitable tolling where prisoner's transfers within the prison system resulted in appellate court's order not reaching him in time). One court found that a prisoner failed to exercise reasonable diligence where, like Movant, the prisoner did "not state that he took any steps to determine the status of his appeal after his appointed counsel filed an *Anders* brief." *See Williams v. Florida*, No. 5:04CV71-OC-10GRJ, 2006 WL 1382082, at *2 (M.D. Fla. May 19, 2006).

The undersigned finds that Movant did not exercise reasonable diligence to learn the status of his appeal and, thus, is not entitled to equitable tolling of the limitations period. Movant waited over two years before checking on his appeal (and had originally planned to wait even longer) simply because he "thought it reasonable to wait." (Doc. 588 at 6.) Movant's decision to rely on information from another inmate and waiting over two years before checking on his petition was not reasonable. Accordingly, Movant's § 225 motion should be dismissed as untimely.

## IV.  Certificate of Appealability ("COA")

A § 2255 movant may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the

denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009) (quotation marks omitted).

A COA is not warranted here. It is not reasonably debatable that Movant's § 2255 motion is untimely and that Movant has not shown that he exercised reasonable diligence as required to equitably toll the limitations period.

## V. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [588] be **DISMISSED** as untimely and that civil action number 1:11-CV-2664-WSD-LTW be **DISMISSED. IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability.

**SO RECOMMENDED** this 4 day of November, 2011.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE