# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GILBERTO GONZALEZ,

                **Movant,**

    **v.**

UNITED STATES OF AMERICA,

                **Respondent.**

CRIMINAL ACTION NO.
1:06-cr-351-WSD-LTW-8

CIVIL ACTION NO.
1:11-cv-2664-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [592][1] and Order Supplementing Report and Recommendation [600], which recommends dismissal of Gilberto Gonzalez's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal ("2255 Motion") [588]. Movant has objected to the R&Rs [601] and filed his "Motion to Disqualify the Honorable William S. Duffey, Jr." ("Motion to Recuse") [602].

---

[1] All citations to the record in this Order are to criminal action number 1:06-cr-351-WSD-LTW.

## I.    BACKGROUND[2]

On December 18, 2008, Movant was convicted by a jury of conspiracy with intent to distribute cocaine and methamphetamine.

On March 31, 2009, Movant was sentenced to 270 months imprisonment and subsequently filed a timely notice of appeal.

On July 21, 2009, Movant's appellate counsel filed an appellate brief on Movant's behalf and moved to withdraw as counsel under Anders v. California, 386 U.S. 378 (1967).

On July 23, 2009, the Eleventh Circuit sent Movant a letter advising him of his right to file a supplemental *pro se* brief in light of the Anders brief filed by his appellate counsel.[3]

On July 28, 2009, Movant's appellate counsel sent a letter to Movant informing him that she had filed an Anders brief and a motion to withdraw.  She also informed him that she had separately sent him a copy of the transcript of his trial.

_____

[2] The facts are taken from the R&R, Order Supplementing R&R, and the record. The parties have not objected to the facts set out in the R&R and Order Supplementing R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

[3] Movant asserts that he did not receive this letter in 2009 because it was delivered to the wrong address and only discovered it when, in the summer of 2011, his wife sent him legal materials in her possession.

On August 20, 2009, Movant sent a letter to his counsel stating that he assumed "that the Court of Appeals will perfunctorily grant [her] motion to withdraw, upon its receipt of [the] Anders brief" and that he "would appreciate it if [she] would file a motion with the Court requesting permission for [him] to file a Supplemental Pro Se Brief [in his direct appeal]." (Movant's Decl. in Supp. of Reply [599.1] at 18).

On September 2, 2009, Movant's appellate counsel informed him that she did not file a motion seeking leave for him to file a supplemental *pro se* brief, and he needed to file any supplemental *pro se* briefing himself. Movant's appellate counsel also stated she would send him the original copies of the transcripts from his trial after the Eleventh Circuit ruled on his appeal.

After receiving his appellate counsel's letter, Movant asked unnamed fellow inmates how long a direct appeal in the Eleventh Circuit usually took, and was told that "most appeals averaged two years." (Movant's Decl. in Supp. of Reply at 2). Movant did not file a supplemental *pro se* brief in his direct appeal.

On February 1, 2010, the Eleventh Circuit granted Movant's appellate counsel's motion to withdraw and affirmed Movant's conviction and sentence.

On May 3, 2010, Movant's ninety-day period to seek a writ of certiorari from the Supreme Court for review of the Eleventh Circuit's decision affirming his

conviction and sentence expired, and the one-year limitations period for filing a motion for relief under 28 U.S.C. § 2255 began to run.

On May 3, 2011, the one-year limitations period for filing a motion for relief under 28 U.S.C. § 2255 expired.

During July 2011, Movant learned from another unnamed inmate that direct appeals where an Anders brief is filed can take "about a half a year" to be decided. Movant then learned through an unidentified inmate's attorney that Movant's direct appeal was decided in early 2010, that a mandate had issued by the Eleventh Circuit, and Movant's one-year limitations period for filing a motion under 28 U.S.C. § 2255 had expired.

On August 1, 2011, Movant filed in the Eleventh Circuit his *pro se* motion to recall the mandate. The motion was denied on November 22, 2011.

On August 4, 2011, Movant filed his 2255 Motion in this Court—more than three months after the expiration of his one-year limitations period for seeking relief under 28 U.S.C. § 2255.[4]

_____

[4] The Court notes that Movant's 2255 Motion is dated August 4, 2011, and was filed with the Clerk of Court's office on August 11, 2011. "Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'" Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v. United

On November 7, 2011, the Magistrate Judge filed her Report and Recommendation recommending Movant's 2255 Motion be denied as untimely, further finding that equitable tolling does not apply to extend the limitations period (the "Initial R&R").

On November 18, 2011, Movant filed his Motion to Stay Magistrate's Report and Recommendation Pending Filing Or [sic] Late Reply ("Motion to Stay") [594] on the grounds that, upon reading the Initial R&R, he learned for the first time that the United States ("Respondent") had filed a Response in Opposition to Movant's 2255 Motion ("Response in Opposition") [590].

On November 28, 2011, Movant filed his objections to the Magistrate Judge's November 7, 2011, R&R (the "November 28th Objections").

On December 1, 2011, the Court deemed Movant's November 28th Objections premature in light of his Motion to Stay, and the Court ordered that Movant had until December 30, 2011, to file a reply to Respondent's Response in Opposition. The Court ordered that if Movant filed a reply, the Magistrate Judge would, on or before January 31, 2012, consider the reply and issue a Revised Report and Recommendation to address any matter in the Reply that the Magistrate

---

States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999)).

Judge considered appropriate. Movant was required to file his objections, if any, upon issuance of a supplemental R&R.

On January 18, 2012, the Magistrate Judge issued her Order Supplementing Report and Recommendation [600] and concluded that Movant had not provided any grounds to reconsider the Magistrate Judge's determination, in the Initial R&R, that Movant's 2255 Motion was untimely, and that he did not meet his burden of showing he exercised reasonable diligence entitling him to equitable tolling of the limitations period.

On February 6, 2012, Movant filed his "Objections to the Magistrate's Report and Recommendation" ("Objections").

On November 20, 2012, Movant attempted to file a Complaint for Judicial Misconduct against this Court based on the Court having not issued a ruling on his objections to the Initial R&R and Order Supplementing R&R.[5]

On December 3, 2012, Movant filed his Motion to Recuse [602] and attached a copy of his Complaint for Judicial Misconduct.

---

[5] Movant's Complaint for Judicial Misconduct was erroneously sent to the Clerk of Court for the Northern District of Georgia. The Clerk of Court returned Movant's Complaint for Judicial Misconduct with instructions on how to properly file it with the Eleventh Circuit Court of Appeals.

## II.    DISCUSSION

### A.    Movant's Motion to Recuse

28 U.S.C § 455(a) provides that any district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test under Section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993). To warrant recusal or disqualification, any bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of *prior* proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis added). Disagreement with "judicial rulings, routine trial administration efforts, and ordinary admonishments" are insufficient to require a judge's recusal. Id. at 556.

To satisfy the requirements of Section 455(a), Plaintiff must offer facts, and not merely allegations, that evidence partiality. United States v. Cerceda, 188 F.3d

1291, 1292 (11th Cir. 1999); <u>Weatherhead v. Globe Int'l, Inc.</u>, 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true.").

Movant's ground for seeking recusal is "that this Court's impartiality might reasonably be questioned because of the . . . Complaint for Judicial Misconduct against it." (Mot. to Recuse at 1). "The mere filing of a complaint of judicial misconduct is not grounds for recusal." <u>In re Evergreen Sec., Ltd.</u>, 570 F.3d 1257, 1265 (11th Cir. 2009). Movant offers no evidence of, and makes no allegations regarding, any personal or extrajudicial bias or impartiality on the part of this Court that would make a fair judgment impossible. Movant's dissatisfaction with the timeliness of a ruling on his 2255 Motion is also insufficient and an improper ground upon which to seek recusal and require disqualification. Movant's Motion for Recusal is denied.[6]

B.      <u>Standard of Review on Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u> 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report

---

[6] The Court further finds that Plaintiff has not met the procedural or substantive requirements for recusal pursuant to 28 U.S.C. § 144.

or specified proposed findings or recommendations to which objection is made."
28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh
consideration to those issues to which specific objection has been made by a
party.'"  <u>Jeffrey S. by Ernest S. v. State Board of Educ. of Ga</u>., 896 F.2d 507, 512
(11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)).
With respect to those findings and recommendations to which a party has not
asserted objections, the Court must conduct a plain error review of the record.
<u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u> 464 U.S.
1050 (1984).

C.      <u>Movant's Objections</u>

After reviewing and liberally construing Movant's Objections, the Court
finds that Movant's Objections assert that the Magistrate Judge erred in concluding
that his 2255 Motion is time-barred because: (1) his direct appeal did not become
final on May 3, 2010, for the purposes of 28 U.S.C. § 2255(f)(1) because his
appellate counsel filed a deficient <u>Anders</u> brief; (2) equitable tolling applies to the
limitations period set by 28 U.S.C. § 2255(f)(4) because he was "totally
abandoned" by his appellate counsel after she filed her <u>Anders</u> brief; and, (3) the
limitations period did not expire under 28 U.S.C. § 2255(f) because the withdrawal
of his appellate counsel constitutes a fact that could not have been discovered in

the exercise of due diligence.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (stating that courts should liberally construe a *pro se* petition).

The Court has carefully reviewed the remainder of Movant's Objections and finds, even when liberally construed, that he has not stated any other specific objections to the findings and recommendations of the Magistrate Judge and otherwise has not stated how they may be factually or legally incorrect.  See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("[T]o challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  Having considered the findings and recommendations of the Magistrate Judge to which Movant has not objected, the Court finds the Magistrate Judge did not plainly err and those findings and

recommendations in the Initial R&R and Order Supplementing R&R are adopted by the Court.

The Court next conducts its *de novo* review of Movant's Objections, in the order that he presents them, regarding the Magistrate Judge's conclusion that his 2255 Motion is untimely and that equitable tolling does not apply to extend the limitations period.

1.    *Whether Movant's direct appeal became final on May 3, 2010*

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  There is a one-year limitations period for a § 2255 motion, running from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2255(f).  Absent one of the circumstances set forth in subparagraphs

two through four above, the limitations period begins to run when a movant's

judgment of conviction becomes final.

There is no dispute that the Eleventh Circuit issued its decision on Movant's

direct appeal on February 1, 2010, and that appeal became final ninety-days later,

on May 3, 2010, when Movant did not petition the Supreme Court for a writ of

certiorari.  See Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003).

Any alleged deficiencies in the Anders brief [7] filed by his appellate counsel do not

affect the calculation of the start of the limitations period under 28 U.S.C.

§ 2255(f)(1), and Movant's objection on this ground is overruled.

    2.    *Equitable tolling of § 2255's limitations period*

Even if a motion is untimely under § 2255(f)(1), the one-year limitations

period is subject to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549, 2562

(2010).  Equitable tolling may be applied if a movant has been reasonably diligent

_____

[7] The Court considers in the subsection of this Order that follows Movant's
allegations based on his counsel's submission of an Anders brief and motion to
withdraw.

in pursuing his rights, but "extraordinary circumstances" prevented him from timely filing. See Holland, 130 S. Ct. at 2562, 2564-65 (holding that attorney error that qualifies as an "extraordinary circumstance" may be something less than egregious, but must be more than garden variety negligence or excusable neglect); Doe v. United States, 469 F. App'x 798, 799-800 (11th Cir. 2012); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

"To be entitled to equitable tolling, [a movant] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007). Equitable tolling is an extraordinary and sparingly applied remedy and a movant "bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence." Mazola v. United States, 294 F. App'x 480, 482 (11th Cir. 2008); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).[8]

General negligence allegations by a movant of an appellate attorney's failure to act according to a client's instructions, a lack of legal knowledge or education, a

---

[8] Actual innocence provides a limited exception to the one year statute of limitations. See United States v. Montano, 398 F.3d 1276, 1278, 1285 n.8 (11th Cir. 2005). Movant does not argue that his actual innocence makes the limitations period inapplicable here.

delay in receiving an order from a court, reliance upon the erroneous advice of fellow inmates regarding legal issues, or a movant's limited ability to speak English or communicate, by themselves, are not extraordinary circumstances or sufficient to excuse a lack of due diligence on the part of a movant in seeking § 2255 relief.  See Holland, 130 S. Ct. at 2564 ("a 'garden variety claim' of attorney negligence" does not warrant equitable tolling); Foley v. United States, 420 F. App'x 941, 942 (11th Cir. 2011) (reliance upon erroneous advice from prison law clerk in completing forms for filing a motion to vacate does not warrant equitable tolling); Brown v. United States, 318 F. App'x 749, 750 (11th Cir. 2008) ("We have rejected an argument that a limited ability to communicate in English provides a basis for equitable tolling."); Montano, 398 F.3d at 1280 n.5 (difficulties with the English language do not warrant equitable tolling); Drew, 297 F.3d at 1281-82, 1288 (delay in receiving an order from a court and lack of knowledge of events in a case due to lack of diligence does not warrant equitable tolling); Sandvik, 177 F.3d at 1271-72 (attorney negligence in failing to meet filing deadlines does not warrant equitable tolling); United States v. Flores, Civil No. 05-5174, Criminal No. 03-50052-01, 2006 WL 1455565, at *5 (W.D. Ark. May 24, 2006) (lack of legal knowledge or education does not warrant equitable tolling).[9]

_____

[9] In his Objections, Movant asserts that his lack of English language skills

The Eleventh Circuit has "determined that serious attorney misconduct, including 'acts of gross negligence [and] acts of outright willful deceit,' could constitute 'extraordinary circumstances,' which would justify equitable tolling of a movant's § 2255 motion." Smith v. United States, 420 F. App'x 944, 946 (11th Cir. 2011) (citing Holland, 130 S. Ct. at 2564; Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008)).

Movant's equitable tolling argument is based on his claim that his appellate counsel "totally abandoned" him. The argument is without merit. Movant and his appellate counsel exchanged a series of letters and this correspondence shows unambiguously that Movant knew his counsel filed an Anders brief and accompanying motion to withdraw and that he was allowed to file a *pro se* supplemental brief in his direct appeal, if he chose. To help him do so, Movant's

_____

interfered with his ability to understand his legal rights. Even though a movant may have limited English language skills, equitable tolling does not apply when the movant is imprisoned in a facility where he can communicate with staff members and there is no evidence he was pursuing his rights diligently during the limitations period. See Brown, 318 F. App'x at 750. Movant has not presented any information that supports that he was unable to communicate with prison officials or that he was diligently pursuing his rights. To the contrary, Movant has alleged that he utilized prison library services and was able to effectively communicate with prison law clerks and others during the period he claims should be subject to equitable tolling. He also exhibited an understanding of English at hearings at which he was present in this case. To the extent Movant objects to the recommendation of the Magistrate Judge regarding equitable tolling on the grounds that he has limited English language skills, Movant's objection is overruled.

counsel provided Movant with a copy of the <u>Anders</u> brief she filed with the Eleventh Circuit. These undisputed facts do not support Movant's claim that his appellate counsel "totally abandoned" him and do not establish the sort of "serious attorney misconduct, including 'acts of gross negligence [and] acts of outright willful deceit,'" that "constitute[s] 'extraordinary circumstances,' which . . . justify equitable tolling." <u>See</u> <u>Smith</u>, 420 F. App'x at 946.[10]

Movant also did not exercise reasonable diligence during the limitations period to assert his rights. Movant's reliance on the advice of unidentified fellow inmates regarding the likely timeline for a decision on his appeal does not excuse his failure to inquire with the Eleventh Circuit regarding the status of his appeal, or his failure to file a timely 2255 motion before the limitations period expired. That Movant failed to exercise reasonable diligence in pursuing his rights is clear, including because Movant waited until July 2011—two years after learning that his appellate counsel filed an <u>Anders</u> brief and sought to withdraw—to ask about the status of his appeal or take any action in his case.

---

[10] The Court has considered whether an evidentiary hearing should be conducted to consider Movant's claims and determines that a hearing is not warranted because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); <u>see</u> <u>Lynn v. United States</u>, 365 F.3d 1225, 1239 (11th Cir. 2004) (noting that prisoner seeking collateral relief "is *not* entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics").

Movant has not met his burden to show he is entitled to the "extraordinary remedy" of equitable tolling by demonstrating that he was reasonably diligent in pursuing § 2255 relief in the face of "extraordinary circumstances." See Foley, 420 F. App'x at 942; Drew, 297 F.3d at 1286; Sandvik, 177 F.3d at 1271; see also United States v. Lawton, Nos. 08-40060-02-JAR, 12-4078-JAR, 2012 WL 3655307, at *2-*3 (D. Kan. Aug. 27, 2012). There are no extraordinary circumstances that prevented Movant from filing a timely § 2255 motion, and Movant otherwise was not reasonably diligent in pursuing his rights. Movant's objection based on equitable tolling is without merit, and it is overruled.

        *3.*     *Whether the limitations period was extended under 28 U.S.C. § 2255(f)(4) because the withdrawal of Movant's appellate counsel constitutes a fact that could not have been discovered in the exercise of due diligence*

A district court is required to determine whether a § 2255 motion is timely including by determining, in a case like the one here, whether there are new facts supporting a movant's claims that "*could have been* discovered through the exercise of due diligence," such that the movant's one-year filing period began to run on that date, instead of upon the conclusion of the movant's direct appeal, pursuant to § 2255(f)(1). See Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011); Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002); see also Tucker v. United States, 249 F. App'x 763, 765 (11th Cir. 2007) (affirming district

court's decision that movant failed to exercise reasonable diligence in discovering that counsel did not file a timely appeal and that § 2255 motion was time barred).

The threshold inquiry is whether the asserted new facts support a movant's claims. 28 U.S.C. § 2255(f)(4). The 2255 Motion asserts that Movant's "appellate lawyer was ineffective for not raising the issues of (1) grounds one and two [regarding the conduct of trial counsel], (2) acceptance of responsability [sic] [regarding his sentencing calculation], and (3) protecting his rights." (2255 Motion at 4). The Court finds that these claims do not rely upon Movant's counsel being permitted to withdraw and there are not any grounds to extend the limitations period pursuant to 28 U.S.C. § 2255(f)(4).

Even if Movant's claims relied upon his counsel's withdrawal—which the Court finds they do not—the Eleventh Circuit has held that a "court should begin the timeliness inquiry under § 2255[(f)](4) by determining whether the [movant] exercised due diligence." See Aron, 291 F.3d at 711. If not, the date that the relevant facts could have been discovered by a movant is the date from which the limitation period would begin to run. See id.

Movant did not exercise due diligence here. The relevant fact regarding the withdrawal of Movant's counsel—upon which Movant alleges his claims rely—

was reasonably known, or could have been reasonably discovered upon reasonable inquiry, on or about February 1, 2010.

The facts here show that Movant knew prior to the <u>Anders</u> brief being filed in July 2009 that his counsel intended to withdraw. Movant did not, until July 2011 at the earliest, make any effort to determine the status of his direct appeal or his attorney's request to withdraw. Movant knew prior to the filing of the <u>Anders</u> brief that his lawyer sought permission from the Eleventh Circuit to withdraw, but assumed that the Court of Appeals would perfunctorily grant the withdrawal motion upon receipt of the <u>Anders</u> brief. Based on this assumption, Movant elected not to take any action to inquire about or submit a pleading challenging the withdrawal request or file a supplemental brief in support of his direct appeal. (Movant's Decl. in Supp. of Reply [599.1] at 18).

Had Movant made even a minimal effort, he would have discovered, as early as February 1, 2010, from the Eleventh Circuit Clerk's office, that his appellate counsel was allowed to withdraw when his direct appeal was decided and his counsel's motion to withdraw was granted. Even if Movant's appellate counsel's withdrawal was a fact supporting his § 2255 claims, his limitations period under § 2255(f) necessarily began to run, at the latest, on May 3, 2010, when his direct appeal became final. The limitations period under 28 U.S.C. § 2255(f), deemed to

commence on May 3, 2010, expired on May 3, 2011, and Movant's objection

under § 2255(f)(4) based on a later commencement date, is overruled.

## III. CONCLUSION

The Court, having completed its *de novo* review of the Initial R&R and

Order Supplementing R&R finds that Movant's 2255 Motion is time-barred and

equitable tolling does not apply. Movant's objections are overruled and the Court

adopts the Magistrate Judge's R&R and Order Supplementing R&R.

### A. Certificate of Appealability

A federal prisoner must obtain a certificate of appealability (COA) before

appealing the denial of his motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C.

§ 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability

when it enters a final order adverse to" a § 2255 movant. Rule 11(a) of the Rules

Governing Section 2255 Proceedings (also providing that "[i]f the court denies a

certificate, a party may not appeal the denial but may seek a certificate from the

court of appeals under Federal Rule of Appellate Procedure 22").

A COA may issue only when the movant makes a "substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met

when "reasonable jurists could debate whether (or, for that matter, agree that) the

[motion to vacate] should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further."

Slack v . McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).  A

movant need not "show he will ultimately succeed on appeal" because "[t]he

question is the debatability of the underlying constitutional claim, not the

resolution of that debate."  Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934

(11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)).

"When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, . . . a certificate of

appealability should issue only when the prisoner shows both that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling."  Jimenez v. Quarterman, 555

U.S. 113, 118 (2009) (internal quotations omitted) (quoting Slack, 529 U.S. at

484).  Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254

petition, the same standard applies here.  See Jones v. United States, 224 F.3d

1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case).

The Court concludes that no reasonable jurist could argue that Movant has

met his burden of establishing that equitable tolling applies or that Movant's 2255

Motion was timely.  A certificate of appealability is required to be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant's Motion to Recuse [602] is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [592] and Order Supplementing Report and Recommendation [600] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Objections [601] are **OVERRULED**, and his Motion [588] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a certificate of appealability.

**SO ORDERED** this 5th day of December, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE